# UNITED STATES DISTRICT COURT
for the

Eastern District of Tennessee

| | |
|---|---|
| United States of America <br> v. <br> TIMOTHY WOODS <br> *Defendant* | ) <br> ) <br> ) Case No. 3:15-cr-00049 <br> ) <br> ) |

**DETENTION ORDER PENDING TRIAL**

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

(1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted of ☐ a federal offense ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed - that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

☐ an offense for which the maximum sentence is death or life imprisonment.

☐ an offense for which a maximum prison term of ten years or more is prescribed in    18 U.S.C. § 2250(a) .*

☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

☐ any felony that is not a crime of violence but involves:

  ☐ a minor victim

  ☐ the possession or use of a firearm or destructive device or any other dangerous weapon

  ☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the ☐ date of conviction ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense

  X for which a maximum prison term of ten years or more is prescribed in   21 U.S.C. §§ 841 and 846  .

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# UNITED STATES DISTRICT COURT
for the

Eastern District of Tennessee

under 18 U.S.C. § 924(c).

X (2)   The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

## Alternative Findings (B)

X (1)   There is a serious risk that the defendant will not appear.

X (2)   There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by   X   clear and convincing evidence   X   a preponderance of the evidence that

the Defendant poses a danger to the community and risk of flight.

Please see the attached Statement of the Reasons for the Court's findings on the reasons for detention in this case.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:   March 27, 2015                                            s/ C. Clifford Shirley, Jr.
                                                                              *Judge's Signature*

                                                                 United States Magistrate Judge C. Clifford Shirley, Jr.
                                                                              *Name and Title*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

United States v. Woods, 3:15-CR-49
Part II— Statement of the Reasons for Detention

The Court finds that the testimony and information submitted at the detention hearing establishes by a preponderance of the evidence that the Defendant poses a risk of flight and by clear and convincing evidence that Defendant is a danger to the community.

The Defendant is charged with Conspiracy to Distribute and Possess with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Oxycodone, a Schedule II Controlled Substance pursuant to Title 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C) and Money Laundering pursuant to 18 U.S.C. § 1956(h). Charges pursuant to 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C) create a rebuttable presumption that there is "no condition or combination of conditions [that] will reasonably assure the appearance of the person as required and the safety of the community[.]" 18 U.S.C. § 3142(e)(3)(A).

The Court must weigh the factors found in 18 U.S.C. § 3142(g) when determining whether a defendant shall be detained or released pending trial. In this case, the first factor, the nature and circumstances of the offense charged, argues in favor of the Defendant's detention because it involves the distribution of narcotic drugs and controlled substances. 18 U.S.C. § 3142(g)(1).

The second factor, the weight of evidence of Defendant's risk of flight and/or nonappearance, argues in favor of detention. 18 U.S.C. § 3142(g)(2).[1] The Court is concerned that Defendant has the means, incentive, and desire to flee. Defendant's financial condition may provide a means to flee. It is alleged that Defendant made a substantial profit from "sponsoring patients" in furtherance of the conspiracy in question. The Court is concerned at the amount of income Defendant enjoyed from these endeavors and his various alleged attempts to sell and hide assets. The Government presented evidence of alleged jail calls which included various conversations between Defendant and his family and friends regarding the selling and transfer of various assets. The Court believes that the Defendant could have access to funds and hidden assets that could provide a means to flee. Defendant also has the incentive to flee based on the potential sentence that may be imposed, and the evidence showed a desire to do so. The Court considered specifically the alleged jail calls in which Defendant stated that he could not serve the potential sentence in this matter and that he would be willing to attempt to convince the Court that he is an addict and in need of drug treatment in order to obtain release. Defendant further allegedly stated that he wished to use his boat to go out to the lake to potentially kill himself in lieu of serving a sentence in this case. Regardless of whether Defendant actually has the intent to take his own life, his statements and general attitude toward the charges in question reveal a refusal to accept his present situation and the potential sentence that might be imposed. Further, the Pretrial Services Report ("PSR") shows that Defendant has a passport and has traveled abroad several times. [PSR at 2]. These facts raise a risk of flight, and the Court cannot and will not provide the Defendant with the opportunity to flee.

---

[1] See United States v. Stone, 608 F.3d 939, 948-49 (6th Cir. 2010).

1

The weight of the evidence of the Defendant's dangerousness also argues in favor of detention. 18 U.S.C. § 3142(g)(2). The Court is concerned about the the volume and scale of the alleged oxycodone distribution involved in this case. Special Agent Kris Mynatt testified that the Defendant allegedly distributed approximately 3,000 oxycodone pills, worth $100,000.00, into the East Tennessee black market. The Court agrees with the Government that should the Defendant recommence this behavior, such distribution poses a great danger to the community and has the potential to influence any number of crimes. Defendant's behavior following his arrest further evidences a danger to the community. His alleged jail calls reveal various attempts to threaten, influence, and intimidate witnesses, and the Government presented evidence that Defendant is currently under investigation for witness tampering. He also allegedly made statements during jail calls seeking narcotic drugs, and the Court is concerned that upon release the Defendant will continue to seek, obtain, and distribute narcotic drugs.

The Court next considered the third factor, the history and characteristics of the Defendant, and finds that this factor further argues in favor of detention. 18 U.S.C. § 3142(g)(3). The nature of the Defendant's charges and his alleged intention to "sponsor" various numbers of "patients" to visit the pain clinics with the intent to secure a percentage of their pain pills for the sole purpose of distributing a vast amount of opioids within the East Tennessee community reflects poorly on his character and weighs in favor of detention. The Court is further concerned about the large amount of funds allegedly secured by the Defendant through this conspiracy and his alleged attempts to hide and sell assets subsequent to his arrest.

Although the Court notes that the Defendant's employment and family and community ties would generally weigh in favor of release, in this case, these factors weigh in favor of detention. Defendant's community standing, family ties, and past employment are alleged to be involved in or used in furtherance of the conspiracy. The Defendant has allegedly requested assistance from family and friends to hide and sell assets and threaten and intimidate witnesses. He is further alleged to send his family and friends to the pain clinics in question as "sponsored patients" in order to secure a percentage of their prescription pills for redistribution on the black market. It was further alleged that Defendant attempted to continue sending known addicts to the pain clinics in question, including a "friend" who lost an arm to intravenous drug use. The Court heard testimony of Defendant's alleged attempts to lie to doctors and a court in West Virginia. The Defendant also allegedly spoke about his "problems with girls" and the Court heard testimony about two police reports involving violence against women. All of this alleged behavior speaks poorly of the Defendant's character and history.

The Court has also considered § 3142(g)(3)(B). The Defendant was not on probation or other form of release when he was arrested and indicted for the current charges.

The Court finds that the evidence and other information provided at the hearing established by a preponderance of the evidence that Defendant is a flight risk. The Court further finds that there are no conditions that can reasonably assure the Court of Defendant's appearance. Based on the evidence in this case, the Court finds that Defendant has the incentive to flee due to the potential sentence he could receive, and his alleged statements during jail calls to either avoid serving his potential sentence or kill himself evidence a desire to flee. The Defendant very likely has the

2

means to flee, and it seems he is only missing an opportunity to do so. The Court is unwilling to provide such an opportunity.

Finally, the nature and seriousness of the Defendant's dangerousness to the community weighs in favor of detention. 18 U.S.C. § 3142(g)(4). As mentioned above, the Defendant's alleged charges reflect a grave danger to the community due to the extent and amount of opioid narcotics distributed in East Tennessee and the possibility that the Defendant could continue to engage in such behavior if released. During jail calls, he allegedly inquired about obtaining narcotic drugs upon release and made various efforts to influence, threaten, or intimidate witnesses. Based on these alleged actions, the Court finds by clear and convincing evidence that the Defendant is a danger to the community and there are no conditions that can reasonably assure the Court of the community's safety should Defendant be released.